Argued May 24, reversed and remanded June 18, 1973

JUD, *Appellant, v.* HIBBS (No. 15-543),
*Respondent.*

511 P2d 420

*L. Guy Marshall,* Portland, argued the cause for appellant. With him on the brief were Peter A. Schwabe, Jr., and Marshall & Schwabe, Portland.

No appearance for respondent.

Before SCHWAB, Chief Judge, and FORT and THORNTON, Judges.

FORT, J.

The parties were divorced in June 1971. Both have remarried. In August 1972 defendant sought a modification of the decree to transfer the custody of Bruce O. Hibbs, then age 15, now 16, to him. On November 1, 1972, the court entered its order modifying the decree by awarding the custody of Bruce to the father "effective June, 1973." It granted the plaintiff "reasonable and seasonable visitation." The plaintiff mother appeals. The father has not appeared in this court.

In its letter opinion the court stated:

"I have received the report of investigation conducted by the Juvenile Department concerning the custody of Bruce O. Hibbs. The report confirms that Bruce desires to live with his father.

"The Juvenile Department recommends that Bruce finish the present school year here and that any custody change take place at the end of the present school year which would be in June 1973.

"The recommendation is approved and an order may be taken changing custody to the father effective with the close of school in May or June 1973."

The court supplemented this:

"I do not consider it advisable to order any specified visitation in this case. This is a situation where a high school boy is asking to live with his father because he is not happy in the mother's home.

"I am not going to require the father to defray the expense of sending the boy back and forth for the purpose of visits."

The record indicates that the father at the time of the hearing on September 5, 1972, was unemployed and contemplated moving from California with his new wife to upper New York state, where they

contemplated living temporarily with a married daughter of the wife while the defendant re-established himself.

At the time of the hearing the court said:

"* * * Apparently we have in issue here the custody of a 15-year-old boy, and I would not want to make any decision about this without a somewhat in-depth study of the situation. I propose to defer ruling on the question of custody and order the juvenile department to conduct a study of what would be best for the boy from the standpoint of custody, and make a decision based on the juvenile court's findings. * * *

"* * * * * *

"* * * If we reach the point where we consider a custody change, we would, of course, then consider Mr. Hibbs as the person to have the custody, and if we reach that point, then I would order an investigation be made by the juvenile authorities in the place where Mr. Hibbs should reside. He tells us he's going to New York, and when we reach the point where we're seriously considering a custody change, then I would ask a courtesy investigation to be conducted into the living situation there in New York where Mr. Hibbs lives, you know, we'd evaluate the home in the normal way. * * *"

The report of the director of the Tillamook County Juvenile Department ordered thereafter by the court and referred to in the court's letter opinion, supra, was dated September 19, 1972, and contains the following:

"In Bruce's best interests at this time, it would seem best for Bruce to remain in his present status, this being based on the following: That Mr. Hibbs is unemployed; the minor is presently enrolled in school, and that the minor really doesn't know his step-mother, as he has spent relatively a

short time with her. Further planning for Bruce would be in order after Mr. Hibbs has gone to New York, gained employment and established himself, and then Bruce be allowed to live with Mr. Hibbs and his wife for a period of at least two months during the coming summer vacation. After the two month period of time, if Bruce then expresses the desire to live with the father and stepmother, all consideration should be shown to him."

No objection to use of the report by the court was made, nor was it offered as evidence or objected to under ORS 107.425 (1).[1]

Under the conditions disclosed by this record we are of the opinion that the order appealed from should be modified by allowing the father visitation rights for two months during the summer of 1973 with Bruce at the father's place of residence, the legal custody of the boy to remain with the mother. The cost of his transportation should be equally divided between the parties. At the conclusion of that period at the request of either party or on its own motion the court of course may review the matter to determine what then appears to be in the best interests of the boy.

Reversed and remanded.

---

[1] That statute provides with respect to an investigation report made thereunder:

"* * * The investigative findings shall be offered as and subject to all rules of evidence."